UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON MAJOR,

                  Petitioner,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

                  Respondent.

Case No. C23-5307-RAJ-MLP

ORDER DECLINING TO SERVE PETITION AND GRANTING LEAVE TO AMEND

      Petitioner Jon Major has presented to this Court for filing an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2018 judgment and sentence of the King County Superior Court. (Dkt. # 3.) Petitioner indicates in his petition that he is currently serving a term of community custody pursuant to that judgment and sentence, and he names the Washington State Department of Corrections as the Respondent in this action. (*Id*. at 2.) Petitioner's amended petition is defective because it does not identify a proper respondent.

      A habeas petitioner must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Where the petitioner is on probation or

ORDER DECLINING TO SERVE
PETITION AND GRANTING
LEAVE TO AMEND- 1

parole, the proper respondent is the "probation or parole officer '*and* the official in charge of the parole or probation agency or the state correctional agency, as appropriate.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(b), 28 U.S.C. foll. § 2254, advisory committee's note) (emphasis added in *Ortiz-Sandoval*). Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360.

It appears that proper Respondents to the instant petition would include Petitioner's community corrections officer and Cheryl Strange, Secretary of the Washington State Department of Corrections. Because Petitioner fails to identify these individuals as Respondents, the Court declines to serve the petition or to direct that an answer be filed. Petitioner is, however, granted leave to amend his petition to correct the above noted deficiency. Petitioner may correct this deficiency by simply filing an amended first page of the petition rather than resubmitting the petition in its entirety.

Petitioner is advised that he need not submit his amendment electronically, he may either mail it to the Court or file it in person. Petitioner is further advised that he must correct the noted deficiency within **thirty (30) days** of the date on which this Order is signed, or his petition will be subject to dismissal.

The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Richard A. Jones. The Clerk is further directed to note this matter on the Court's calendar for *May 26, 2023*, for review of Petitioner's amended petition.

DATED this 20th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DECLINING TO SERVE
PETITION AND GRANTING
LEAVE TO AMEND- 2