UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON MAJOR,

           Petitioner,

v.

CHERYL STRANGE,

           Respondent.

Case No. C23-5307-RAJ-MLP

ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME AND DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter comes before the Court on Respondent's motion for an extension of time to file an answer to Petitioner's third amended petition for writ of habeas corpus. (Dkt. # 24.) Respondent requests therein that the deadline for filing her answer to Petitioner's petition be extended from June 30, 2023, to July 28, 2023. (*Id.*) Respondent asserts that the extension is necessary because of counsel's pre-scheduled vacation, and also because of counsel's heavy workload and deadlines in other cases that conflict with the current deadline in this case. (*See id.* at 2, ¶ 5.)

Petitioner, in response to Respondent's motion, filed a motion to deny Respondent's motion for an extension of time and a motion for default judgment. (Dkt. # 25.) Petitioner asserts

ORDER GRANTING RESPONDENT'S
MOTION FOR EXTENSION OF TIME
AND DENYING PETITIONER'S MOTION
FOR DEFAULT JUDGEMENT - 1

therein that Respondent's counsel knew an extension would be necessary well before he filed the motion for extension of time, and Petitioner suggests that counsel should have sought to "delegate the handling of this matter" to another lawyer in the Washington Attorney General's Office prior to requesting an extension. (*Id*. at 3-4, ¶ 3.) Petitioner argues that if Respondent's counsel had made such an effort and been unsuccessful, good cause would exist for granting the requested extension. (*See id*.) Petitioner maintains that on the present record, good cause does not exist for granting the requested extension. (*Id*. at 4, ¶ 4.)

Respondent's motion for extension of time was filed prior to the expiration of the original deadline, and the Court is satisfied that good cause exists for the requested extension. Respondent's motion will therefore be granted. *See* Fed. R. Civ. P. 6(b)(1)(A). To the extent Petitioner seeks entry of a default judgment, the request is moot given the Court's extension of the original deadline. Moreover, Petitioner is advised that while a failure to adequately respond to a complaint in an ordinary civil case can result in a default judgment under Fed. R. Civ. P. 55, a habeas petition is not an ordinary civil case and the failure to timely respond to a petition for writ of habeas corpus, absent egregious circumstances, does not entitle a petitioner to entry of a default judgment. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). The record before this Court reveals no egregious circumstances that would entitle Petitioner to the relief he seeks.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)   Respondent's motion for an extension of time to file her answer to Petitioner's federal habeas petition (dkt. # 24) is GRANTED. Respondent is directed to file and serve her answer not later than ***July 28, 2023***.

ORDER GRANTING RESPONDENT'S
MOTION FOR EXTENSION OF TIME
AND DENYING PETITIONER'S MOTION
FOR DEFAULT JUDGEMENT - 2

(2) Petitioner's motion to deny Respondent's motion for extension of time and for entry of a default judgment (dkt. # 25) is DENIED.

(3) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Richard A. Jones.

DATED this 18th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING RESPONDENT'S
MOTION FOR EXTENSION OF TIME
AND DENYING PETITIONER'S MOTION
FOR DEFAULT JUDGEMENT - 3