UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON MAJOR,

                 Petitioner,

v.

CHERYL STRANGE,

                 Respondent.

Case No. C23-5307-RAJ-MLP

ORDER DENYING PETITIONER'S
MOTION TO RECUSE

This is a federal habeas action brought under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's motion seeking to recuse the undersigned from consideration of his concurrently filed motion for default judgment. (*See* dkt. ## 32, 34.) Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER DENYING PETITIONER'S
MOTION TO RECUSE - 1

28 U.S.C. § 144.

Section 455, the statutory provision specifically cited by Petitioner, states in relevant part that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Petitioner offers no argument in support of his motion to recuse, but the Court presumes that the basis of the instant motion is the undersigned's denial of a previous motion for default judgment filed by Petitioner. (*See* dkt. ## 25, 27.) Any disagreement Petitioner may have with the manner in which the undersigned resolved his earlier motion for default judgment is insufficient to support recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). As Petitioner has not identified a valid basis for recusal, and as this Court perceives no justification for recusing voluntarily, Petitioner's request will be referred to the Chief Judge for consideration in accordance with LCR 3(f).

Based on the foregoing, the Court hereby ORDERS as follows:

(1) The Clerk shall refer Petitioner's motion to recuse the undersigned (dkt. # 34) to the Chief Judge for consideration in accordance with LCR 3(f).

(2) The Clerk shall send copies of this Order to Petitioner, to the Honorable David G. Estudillo, and to the Honorable Richard A. Jones.

DATED this 15th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION TO RECUSE - 2