UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON MAJOR,<br><br>        Plaintiff,<br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS ,<br><br>        Defendant. | CASE NO. 3:23-cv-05307-RAJ-MLP<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 34) |

## I.  INTRODUCTION

This matter comes before the Court following referral by United States Magistrate Judge Michelle L. Peterson (Dkt. No. 37) of Petitioner Jon Major's motion for recusal (Dkt. No. 34). For the reasons discussed herein, the Court AFFIRMS Judge Peterson's refusal to recuse herself.

## II.  BACKGROUND

On April 7, 2023, Petitioner Jon Major filed a proposed petition for a writ of habeas corpus.  (Dkt. No. 1.)  He amended this petition three times.  (Dkt. Nos. 3, 13, 18.)  On July 3,

ORDER ON MOTION FOR RECUSAL (DKT. NO. 34) - 1

1  2023, Petitioner filed a motion for default judgment (Dkt. No. 25), which Judge Peterson denied

2  (Dkt. No. 27).  On August 9, 2023, he filed a second motion for default judgment.  (Dkt. No. 32.)

3  On August 11, 2023, Petitioner filed the instant motion, requesting Judge Peterson recuse

4  herself "from determining Petitioner's Motion for Default Judgment . . . and to transfer the

5  motion to the Honorable Judge Richard A. Jones for determination of its merits." (Dkt. No. 34 at

6  1–2.)  Judge Peterson declined to recuse herself and, per Local Rule 3(f), referred the matter to

7  the undersigned.  (Dkt. No. 37.)

8  **III.   DISCUSSION**

9  Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28

10  U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily.  LCR 3(f).  If

11  the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the

12  motion to the chief judge for their review.  *Id*.

13  28 U.S.C. § 455(a) provides that a judge of the United States "shall disqualify himself" in

14  any proceeding in which their "impartiality might reasonably be questioned."  The statute further

15  provides the judge must recuse "[w]here he has a personal bias or prejudice concerning a party,

16  or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §

17  455(b)(1). 28 U.S.C. § 144 similarly requires recusal when "a party to any proceeding in district

18  court makes and files a timely and sufficient affidavit that the judge before whom the matter is

19  pending has a personal bias or prejudice either against him or in favor of any adverse party." 28

20  U.S.C. § 144.  The standard for recusal under both statutes is the same—"[w]hether a reasonable

21  person with knowledge of all the facts would conclude that the judge's impartiality might

22  reasonably be questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012)

23  (internal quotation marks omitted).  A party must timely move for recusal and "[e]nforcing the

24

timeliness of a recusal motion is necessary to prevent litigants from using § 455(a) for strategic purposes." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018)

Petitioner presents a sparse motion that presents no argument as to why Judge Peterson should recuse herself. (Dkt. No. 34.) He merely states Judge Peterson should "recuse herself from determining Petitioner's Motion for Default Judgment . . . and [] transfer the motion to the Honorable Judge Richard A. Jones for determination of its merits." (Dkt. No. 34 at 1–2.) In her order declining to recuse herself (Dkt. No. 37), Judge Peterson speculates Petitioner's reason for requesting recusal is that she had previously denied a motion for default judgment (Dkt. No. 27). Even if Petitioner had listed this as a rationale for recusal, prior adverse judicial rulings are "not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Thus, there being no specific allegations of bias, recusal is inappropriate.

## IV.   CONCLUSION

Accordingly, having reviewed the Motion and the remainder of the record, the Court hereby AFFIRMS Judge Peterson's refusal to recuse herself (Dkt. No. 37).

Dated this 5th day of September 2023.

David G. Estudillo
United States District Judge