UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON MAJOR,

                Petitioner,

    v.

CHERYL STRANGE,

                Respondent.

Case No. C23-5307-TMC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Jon Major has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2018 King County Superior Court judgment and sentence. (*See* Pet. (dkt. # 18) at 2.) Respondent has filed a motion to dismiss the petition, in lieu of answer, in which she argues that the petition should be dismissed with prejudice because Petitioner is a fugitive and because Petitioner fails to demonstrate that this Court has jurisdiction over this matter. (Resp.'s Mot. (dkt. # 29) at 3-7.) Petitioner has filed both a response and an amended response opposing Respondent's motion to dismiss.[1] (Pet.'s Resp. (dkt. # 41); Pet.'s Am. Resp. (dkt. # 43).)

---

[1] Petitioner identifies each of his responses as a "Cross Motion in Response to Respondent's Motion to Dismiss the Petition." (*See* dkt. ## 41, 43.) However, the Court construes Petitioner's submissions as simply responses to the motion to dismiss as it serves no purpose to treat them as independent motions.

REPORT AND RECOMMENDATION
PAGE - 1

Respondent has filed a brief responding to Petitioner's response, which the Court construes as a reply brief. (Reply (dkt. # 46).)

This Court, having now reviewed Petitioner's petition, Respondent's motion to dismiss, and all briefing of the parties, concludes that this federal habeas action should be dismissed without prejudice based upon Petitioner's current status as a fugitive.

## II.  BACKGROUND

On December 6, 2018, Petitioner was convicted, following a jury trial, of one count of commercial sexual abuse of a minor and one count of possession of depictions of a minor engaged in sexually explicit conduct. (*See* Pet. at 2, 21.) Petitioner was sentenced on December 13, 2018, to a total term of 55 months confinement to be followed by 36 months of community custody. (*Id*. at 2, 24.) Petitioner's term of community custody apparently began in April 2021, and is currently scheduled to end in March 2025. (*See* dkt. # 8 at 5, 27.) On March 23, 2023, a Washington Department of Corrections ("DOC") Secretary's Warrant was issued for Petitioner's apprehension after he absconded from community custody supervision. (*See* dkt. # 22 at 1-2, Exs. A, B.) It appears that this is the most recent of a series of violations Petitioner has committed since being released to community custody in April 2021. (*See* dkt. # 8 at 27-30.)

On April 7, 2023, Petitioner submitted his original petition for writ of habeas corpus to the Court for filing. (*See* dkt. # 1.) Petitioner has amended his petition several times and the operative petition is Petitioner's third amended petition filed on May 12, 2023. (*See* dkt. ## 3, 7, 13, 18.) Petitioner identified two grounds for relief in his third amended petition: (1) Petitioner's due process rights were violated when the prosecution failed to correct false testimony presented at trial by the alleged victim of Petitioner's crimes; and (2) Petitioner's right to effective assistance of counsel was violated in relation to a proposed plea offer. (*See* Pet. at 4-7, 9-10.)

On May 16, 2023, this Court issued an Order directing service of Petitioner's third amended petition on Respondent, and directing Respondent to file an answer within 45 days. (Dkt. # 20.) Shortly thereafter, on June 7, 2023, Respondent filed a notice advising the Court of Petitioner's fugitive status and of her intent to file a motion to dismiss based upon the fugitive disentitlement doctrine if Petitioner's fugitivity persisted. (*See* dkt. # 22 at 1-2.) Respondent subsequently requested, and was granted, an extension of time to respond to the petition. (Dkt. ## 24, 27.)

On July 28, 2023, Respondent filed a motion to dismiss together with a statement of cause for filing a motion to dismiss in lieu of an answer. (*See* dkt. # 28; Resp.'s Mot.) Respondent's motion was originally noted on the Court's calendar for consideration on August 25, 2023. (*See* Resp.'s Mot. at 1.) Petitioner was granted a continuance to allow him time to investigate and respond to Respondent's motion, and Respondent's motion was re-noted for consideration on October 27, 2023. (*See* dkt. # 40 at 5.) On October 24, 2023, Petitioner submitted his original response to Respondent's motion to dismiss. (Dkt. # 41.) In an accompanying declaration, Petitioner requested that he be granted a one-day extension of time to file his response as he was unable to complete his response by the October 23, 2023, deadline previously established by the Court. (*See* dkt. # 41-1 at ¶¶ 3-8.)

On November 2, 2023, Petitioner submitted an amended response to Respondent's motion in which he requested that his original response be stricken and that he be granted an extension of time until November 2, 2023, to file his amended response. (*See* Pet.'s Resp. at 1.) Respondent filed her reply brief on November 9, 2023. (Reply.) While Respondent objected in her reply to the substance of Petitioner's response, she did not object to Petitioner's request that his original response be stricken and that he be granted an extension of time for purposes of

filing an amended response. The Court therefore grants Petitioner's request to strike his original response and accepts his amended response for filing. The briefing with respect to Respondent's motion to dismiss is now deemed complete, and this matter is ripe for review.

### III.   DISCUSSION

Respondent argues that Petitioner's federal habeas petition should be dismissed because Petitioner is a fugitive and is therefore barred from seeking court relief, and because Petitioner fails to demonstrate that the Court has jurisdiction over this matter. (Resp.'s Mot. at 3-7.) The Court necessarily addresses the jurisdictional issue first, before moving on to Respondent's argument that dismissal is appropriate based upon the fugitive disentitlement doctrine.

**A.    Jurisdiction**

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id*. at 492. The collateral consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (citing *Maleng*, 490 U.S. at 492).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (1993) (citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)). Parole or community service, for example,

REPORT AND RECOMMENDATION
PAGE - 4

REPORT AND RECOMMENDATION
PAGE - 4

satisfies the "in custody" requirement. *See Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973) (release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen Cnty. Probation Dep't.*, 128 F.3d 152 (3rd Cir. 1997) (community service obligation rendered petitioner "in custody" for purposes of habeas statute). In order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow*, 995 F.2d at 923 (quoting *Jones*, 371 U.S. at 240).

Respondent argues that Petitioner cannot prove he is "in custody" for purposes of establishing habeas jurisdiction given his status as a fugitive. (*See* Resp.'s Mot. at 5-7.) Respondent asserts that Petitioner, having absconded from community custody supervision, was at liberty when he filed his third amended petition, albeit unlawful liberty, and that he was therefore not "in custody" pursuant to a state court judgment and sentence at that time. (*See id*.) Thus, Respondent argues, this Court lacks jurisdiction to consider Petitioner's § 2254 petition. (*See id*.)

It appears from the record that Petitioner absconded from community custody supervision prior to even filing this federal habeas action. (*See* dkt. # 22 at 1-2, Exs. A, B.) Nonetheless, Petitioner remains subject to the judgment and sentence he is seeking to challenge in this action despite the fact that he is currently refusing to comply with its requirements. Respondent cites no case law establishing that this Court lacks jurisdiction over Petitioner's petition in these unique

circumstances.[2] This Court therefore concludes that it has subject matter jurisdiction over Petitioner's § 2254 petition.

### B. Fugitive Disentitlement Doctrine

The Supreme Court has sustained the authority of a court to "dismiss an appeal or writ in a criminal matter when the party seeking relief is a fugitive." *Degens v. United States*, 517 U.S. 820, 823 (1996) (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993); *Smith v. United States*, 94 U.S. 97 (1876)). The fugitive disentitlement doctrine is a "discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice." *Frank v. Yates*, 887 F.Supp.2d 958 (C.D. Cal. 2012) (citations omitted). The doctrine has been applied in federal habeas cases challenging state court convictions. *See, e.g., Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004); *Sanchez-Alfonso v. Board of Parole*, 2014 WL 1383484 (D. Or. 2014), *Findings and Recommendation Adopted*, 2014 WL 1383667 (D. Or. 2014); *Morrell v. Kramer*, 2001 WL 764947, at *6 (N.D. Cal. 2001). *See also Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir. 1977) (no meaningful difference between habeas petition and direct appeal for purposes of fugitive disentitlement doctrine).

In *Degen*, the Supreme Court identified several rationales underlying application of the disentitlement doctrine: (1) the difficulty of enforcing a judgment if the fugitive cannot be found; (2) the unfairness of allowing a party access to the courts while evading jurisdiction; (3) the need

---

[2] Respondent attempts to buttress her jurisdictional argument by claiming that Petitioner failed to meet his burden of demonstrating that jurisdiction is appropriate in the Western District of Washington because his physical whereabouts were unknown at the time he filed his third amended petition. (*See* Resp.'s Mot. at 7.) Respondent is correct that the general rule for habeas petitions challenging present physical confinement is that jurisdiction lies only in the district of confinement, which makes a petitioner's whereabouts relevant. (*See id*. (citing *Rumsfeld v. Padilla*, 542 U.S., 426, 443 (2004)).) However, because Petitioner here seeks to challenge a state court judgment and sentence entered in King County Superior Court, jurisdiction is appropriate in this district. *See* 28 U.S.C. § 2241(d); *Rumsfeld*, 542 U.S. at 443.

to discourage escape and encourage voluntary surrender; and (4) the desire to "promote[ ] the efficient, dignified operation of the courts." *See Degen*, 517 U.S. at 824 (internal quotations and citations omitted); *see also United States v. Gonzalez*, 300 F.3d 1048, 1051 (9th Cir. 2002) (the purpose of the doctrine is "to avoid making decisions that could not be enforced, to deter flight, to assure an effective adversary process, and to serve the interest in efficient, dignified appellate practice").

Respondent argues that the *Degen* factors support application of the fugitive disentitlement doctrine in this case. (Resp.'s Mot. at 3-5.) In particular, Respondent asserts that the state would have difficulty enforcing its presumptively valid judgment if Petitioner cannot be found, and that it would be "unjust and unfair" to allow Petitioner to access the federal habeas court while he evades the state's jurisdiction. (*Id*. at 4-5.) Respondent further asserts that Petitioner has openly defied the state's notice of his fugitive status, and the state's criminal judgment, by choosing not to voluntarily surrender and continuing to demand federal habeas review of his state court judgment while he remains at large. (*Id*. at 5.) Respondent maintains that dismissing the petition will discourage escapes by other inmates such as Petitioner and also encourage Petitioner's voluntary surrender. (*Id*.) Finally, Respondent asserts that dismissal of the instant action will promote the need for the efficient and dignified operation of the courts. (*Id*.)

Petitioner argues that Respondent's assertions regarding his fugitive status are without merit because the warrant for his arrest remains outstanding and he is therefore currently subject to restraint. (Pet.'s Am. Resp. at 5.) This argument, however, goes to the jurisdictional issue discussed above, and not to the issue of whether application of the fugitive disentitlement doctrine is appropriate here.

REPORT AND RECOMMENDATION
PAGE - 7

1   Petitioner also argues that his "purported flight" arises from the fact that if he were in
2  Respondent's custody, he would be deprived of the means to prosecute this matter. (Pet.'s Am.
3  Resp. at 5-6.) Petitioner cites, in particular, to the fact that this Court twice denied his requests
4  for appointment of counsel. (*Id*.) Petitioner maintains that dismissal of his petition without any
5  determination on the merits of his claims would be fundamentally unfair, and he suggests that if
6  counsel had been provided as he had requested, he could have remained in Respondent's custody
7  and prosecuted this action without interference. (*Id*. at 6-7.)

8   The Court first observes that Petitioner appears to have absconded from community
9  custody supervision before filing this action and, thus, before ever requesting appointment of
10 counsel. Petitioner's suggestion that the Court's refusal to appoint counsel motivated his flight
11 from custody is not supported by the record.

12   Petitioner's claim that he could not have litigated this matter while in the custody of
13 Respondent also lacks merit. It is apparent from Petitioner's requests for appointment of counsel
14 that he believed it necessary to have access to electronic devices, the internet, and email in order
15 to effectively litigate this action, all of which violated the conditions of his community custody.
16 (*See* dkt. ## 8, 30.) Petitioner expressed his concern that he may be reincarcerated for utilizing
17 these resources to prepare and file his habeas petition and thus be deprived of access to existing
18 materials available to him only through electronic means. (Dkt. # 8 at 2.) This Court rejected
19 those arguments at the time (*see* dkt. # 9) and finds them no more persuasive now. While
20 Petitioner no doubt found it more convenient to research and prepare his petition utilizing
21 electronic means, a great many habeas petitioners litigate their claims while in custody with no
22 access to such resources.

The Court concurs with Respondent that the *Degens* factors justify application of the fugitive disentitlement doctrine in this case. Petitioner seeks to challenge in this action the constitutionality of the same judgment and sentence from which he has absconded. This presents a clear obstacle to enforcing any judgment that may be entered against him in this action. It would also be manifestly unfair to permit Petitioner to access this Court for purposes of challenging his state court judgment and sentence, while simultaneously evading the jurisdiction of the entity charged with executing that sentence; *i.e.*, the DOC.

Applying the disentitlement doctrine here would also serve an important deterrent function. Petitioner has actively litigated this action and he makes it abundantly clear that he desires resolution of his claims on the merits. Petitioner has been on notice for several months that his status as a fugitive may well interfere with his ability to obtain substantive review, yet he still resists surrender. The Court observes that Petitioner has now submitted, and extensively argued, his two claims for relief in this Court, and he has submitted over 1500 pages of supporting exhibits. It is difficult to see that Petitioner would suffer any prejudice to his ability to litigate this action if he were to voluntarily surrender at this juncture. Permitting Petitioner to obtain substantive review on the merits of his claims would reward rather than deter Petitioner's unlawful actions.

Finally, the desire to promote the efficient and dignified operation of the courts is well served by application of the disentitlement doctrine here. A federal habeas action typically proceeds in an orderly and efficient fashion. Petitioner's insistence on litigating this action while on fugitive status has derailed the typical process, resulting in cumbersome motions practice and unnecessary delays. This action would have proceeded in a much more direct fashion, perhaps to

resolution of Petitioner's substantive claims, had Petitioner not insisted on litigating this action after absconding from community custody supervision.

For all of the reasons discussed above, this Court deems application of the fugitive disentitlement doctrine appropriate in this case.

### C.   Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability, and therefore recommends that a certificate of appealability be denied.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's third amended petition for writ of habeas corpus (dkt. # 18) and this action be dismissed unless Petitioner voluntarily surrenders to the Washington DOC, or is otherwise returned to custody, prior to final resolution of this action. This Court recommends that the dismissal be without prejudice to Petitioner refiling his federal habeas petition once his fugitive status has been resolved, so long as the refiling is accomplished within the applicable statute of limitations. Finally, this Court

recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 15, 2023**.

DATED this 20th day of November, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge