UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON MAJOR, | Case No. 3:23-cv-05307-TMC-MLP |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| CHERYL STRANGE, | |
| Defendant. | |

Before the Court is pro se plaintiff Jon Major's motion for reconsideration, which asks the Court to vacate its order and judgment dismissing his third amended petition for writ of habeas corpus without prejudice, Dkt. 54, 55. Dkt. 61.

Mr. Major initiated this action on April 7, 2023, by filing a motion to proceed in forma pauperis and attaching a copy of his proposed habeas petition. Dkt. 1. His petition seeks relief from his 2018 King County Superior Court judgment and sentence for one count of commercial sexual abuse of a minor and one count of possession of depictions of a minor engaged in sexually explicit conduct, Dkt. 18 at 2, 21. Dkt. 7. He was sentenced to 55 months confinement to be followed by 36 months of community custody supervision. Dkt. 18 at 2, 24. On March 23, 2023, the Washington Department of Corrections ("DOC") issued a Secretary's Warrant for

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Mr. Major's apprehension for violating a condition of his community custody supervision. Dkt. 22-1 at 5. On July 28, 2023, Respondent Cheryl Strange moved to dismiss Mr. Major's petition for violation of the fugitive disentitlement doctrine, Dkt. 29, under which courts may "dismiss an appeal or writ in a criminal matter when the party seeking relief is a fugitive." *Degens v. United States*, 517 U.S. 820, 823 (1996) (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993)); Dkt. 47 at 9.

On November 20, 2023, The Honorable Michelle L. Peterson, U.S. Magistrate Judge, issued a report and recommendation ("R&R") recommending dismissal of Mr. Major's petition under the fugitive disentitlement doctrine "unless Petitioner voluntarily surrenders to the Washington DOC, or is otherwise returned to custody, prior to final resolution of this action." *Id.* at 10. Judge Peterson reasoned, in part, as follows:

> Petitioner seeks to challenge in this action the constitutionality of the same judgment and sentence from which he has absconded. This presents a clear obstacle to enforcing any judgment that may be entered against him in this action. It would also be manifestly unfair to permit Petitioner to access this Court for purposes of challenging his state court judgment and sentence, while simultaneously evading the jurisdiction of the entity charged with executing that sentence; i.e., the DOC.

Dkt. 47 at 9. The R&R gave Mr. Major 21 days from the date of its issuance to file objections to it. Dkt. 47 at 11. He did not file objections or voluntarily surrender to the DOC by the date the R&R became ripe for the Court's consideration.[1] On December 21, 2023, the Court, reviewing the R&R for clear error, adopted it in full and dismissed Mr. Major's petition without prejudice. Dkt. 54, 55; *see* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist.*

---

[1] The Court continued its consideration of the R&R to allow Mr. Major additional time to follow through on his stated intent to surrender to the DOC by December 20, 2023. Dkt. 52 at 3. The Court ruled on the R&R after he failed to do so. *See* Dkt. 54 at 1.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

*Ct.,* 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)). Mr. Major now moves for reconsideration of the Court's decision.

Motions for reconsideration are "rarely granted." *Colchester v. Lazaro*, No. C20-1571 MJP, 2022 WL 1078573, at *2 (W.D. Wash. Apr. 11, 2022). They "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). "'Clear error' for purposes of a motion for reconsideration occurs when 'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" *Baptiste v. LIDS*, No. C 12-5209 PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (quoting *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013)). Generally, courts must construe pro se motions liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

As an initial matter, the Court notes that Mr. Major filed this motion over 14 days after the order for which he seeks reconsideration, in violation of the Western District of Washington's Local Rules. LCR 7(h)(2) ("A motion for reconsideration . . . . shall be filed within fourteen days after the order to which it relates is filed.").[2] Nevertheless, given Mr. Major's pro se status and the fact that he filed the motion soon after the deadline, the Court will consider the merits of the motion. *See Andrews v. Knowles*, No. 10cv2109-BEN, 2011 WL

---

[2] On January 3, 2024, the Court denied Mr. Major's request to extend his deadline to file a motion for reconsideration. Dkt. 58.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

2149619, at *1 (S.D. Cal. June 1, 2011) (considering untimely motion for reconsideration on the merits "in light of Petitioner's pro se prisoner status and in the interest of justice").

Mr. Major argues that the Court committed clear error in concluding that he was a "fugitive" for purposes of the fugitive disentitlement doctrine.[3] *See* Dkt. 61 at 10–11. Specifically, he contends that he is not a "fugitive from justice" under the definition of the term used in 18 U.S.C § 921(a)(15): "The term 'fugitive from justice' means any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." According to Mr. Major, because his warrant was issued by DOC "and not a prosecuting attorney or the like," it cannot be said that he is avoiding prosecution and, therefore, he is not a "fugitive." Dkt. 61 at 10.

The statute Mr. Major cites to for his definition of "fugitive" contains definitions for a criminal statute setting out firearm-related crimes. *See generally* 18 U.S.C. §§ 921–922. It is unrelated to the fugitive disentitlement doctrine. Rather, the Ninth Circuit has upheld the dismissal of actions filed by fugitives like Mr. Major who are subject to arrest warrants that are issued for failure to comply with conditions of their parole. *Williams v. Alameida*, 511 F.3d 973, 974 (9th Cir. 2007) (conditionally dismissing appeal of 42 U.S.C. § 1983 claim against the plaintiff under the fugitive disentitlement doctrine because the plaintiff had "failed to report to his parole agent" after being released from prison on parole and remained a "parolee at large" after "an arrest warrant had been issued" for him). As stated, Washington DOC issued an arrest

---

[3] Mr. Major's motion also argues that it was "manifest injustice" for the Court to dismiss the petition because the Court's rulings show it is biased against him. *See* Dkt. 61 at 11. Mr. Major incorporated this argument into his motion for recusal, *see* Dkt. 62 at 2 n.2, which was denied by the undersigned on January 12, 2024, and by Chief U.S. District Judge David G. Estudillo on January 12, 2024. Accordingly, to the extent Mr. Major also asserts the undersigned's alleged bias as a ground for reconsideration, it is denied for the reasons explained in the decisions on the motion for recusal.

ORDER DENYING MOTION FOR RECONSIDERATION - 4

warrant for Mr. Major after finding "reasonable cause" to believe that he violated a condition of his community custody.[4] Dkt. 22-1 at 5. As of this order, Mr. Major has not informed the Court that he has turned himself in to the Washington DOC.[5] Accordingly, Mr. Major has not shown that the Court's decision was clear error.

For the foregoing reasons, Mr. Major's motion for reconsideration, Dkt. 61, is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of January, 2024.

_____
Tiffany M. Cartwright
United States District Judge

---

[4] An individual on community custody "is the functional equivalent of a parolee." *Nash v. Robinson*, No. 09-5178RBL/JRC, 2010 WL 4852199, at *8 (W.D. Wash. Nov. 1, 2010), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 125438, 2010 WL 4918957 (Nov. 26, 2010), *aff'd*, 471 F. App'x 643 (9th Cir. 2012).

[5] Respondent most recently confirmed Mr. Major's fugitive status on December 20, 2023. Dkt. 53.

ORDER DENYING MOTION FOR RECONSIDERATION - 5