UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JON MAJOR,

    Petitioner,

 v.

CHERYL STRANGE,

    Respondent.

Case No. 3:23-cv-05307-TMC-MLP

ORDER DENYING RELIEF FROM JUDGMENT

## I. ORDER

In December 2023, this Court adopted the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson and dismissed Petitioner Jon Major's habeas petition without prejudice under the fugitive disentitlement doctrine. Dkt. 54. Mr. Major's appeal from that order was unsuccessful. Dkt. 70. Mr. Major now asks the Court to grant relief under Federal Rule of Civil Procedure 60(b)(6) to "set aside its December 21, 2023 Order and reopen this case based upon resolution of his fugitive status." Dkt. 72 at 2. Mr. Major represents that he has been under the care of a mental health services provider and intends to surrender to the Department of Corrections at some point before February 14, 2025. *Id.* at 3.

Federal Rule of Civil Procedure 60(b)(6) is a catch-all provision that allows the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that

ORDER DENYING RELIEF FROM JUDGMENT - 1

justifies relief." "A movant seeking relief under Rule 60(b)(6) is required 'to show extraordinary circumstances justifying the reopening of a final judgment.'" *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Extraordinary circumstances occur when there are "compelling reasons for opening the judgment that prevented the movant from raising the basis of the motion during the pendency of the case." *Martinez*, 33 F.4th at 1262 (cleaned up). Rule 60(b)(6) may only be "used sparingly as an equitable remedy to prevent manifest injustice." *Id.*

      Mr. Major has not met this high standard. Before adopting the Report and Recommendation, the Court granted Mr. Major's request for additional time based on his stated intent to surrender. Dkt. 52. But he did not follow through. Dkt. 53. And the Court dismissed his habeas petition without prejudice, allowing him to potentially refile after his fugitive status was resolved. Dkt. 54. Mr. Major's new expression of his intent to surrender is not an extraordinary circumstance that justifies the reopening of a final judgment.

      Mr. Major's motion for relief under Rule 60(b)(6) (Dkt. 71, 72) is DENIED. The Court also DENIES a certificate of appealability.

      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

      Dated this 7th day of November, 2024.

Tiffany M. Cartwright
United States District Judge