UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON MAJOR,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CHERYL STRANGE,<br><br>　　　　　Respondent. | Case No. 3:23-cv-05307-TMC-MLP<br><br>ORDER DENYING SECOND EMERGENCY MOTION |

On December 23, 2024, Petitioner Jon Major filed an emergency motion requesting that this Court direct Respondent, Cheryl Strange, to inform the Court of Mr. Major's arrest or surrender to the Washington Department of Corrections. On May 12, 2023, Mr. Major filed a petition for writ of habeas corpus challenging a 2018 judgment and sentence in Washington state court. Dkt. 18. At the time, there was an outstanding warrant for his arrest. Dkt. 22 at 2.

In December 2023, this Court adopted the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson and dismissed Petitioner Jon Major's habeas petition without prejudice under the fugitive disentitlement doctrine. Dkt. 54. Mr. Major's appeal from that order was unsuccessful. Dkt. 70. Mr. Major then asked the Court to grant relief under Federal Rule of Civil Procedure 60(b)(6) to "set aside its December 21, 2023 Order and reopen

ORDER DENYING SECOND EMERGENCY MOTION - 1

this case based upon resolution of his fugitive status." Dkt. 72 at 2. Mr. Major represented that he intended to surrender to the Department of Corrections at some point before February 14, 2025. *Id.* at 3. The Court denied this motion and a related motion to reconsider. Dkt. 73; Dkt. 76.

On December 23, 2024, Mr. Major, pointing to the warrant and his alleged approaching surrender date, asked the Court to direct Respondent to inform the Court of his arrest or surrender and the place of his confinement within 48 hours of either having occurred. Dkt. 77 at 3. The Court denied the motion because Mr. Major failed to provide a legal basis for the emergency order. Dkt. 78. On December 26, 2024, Mr. Major submitted a second emergency order requesting again that the Court to direct Respondent to inform the Court of his arrest or surrender and the place of his confinement. Dkt. 79 at 3.

Special rules govern a petition for a writ of habeas corpus filed in federal district courts under 28 U.S.C. § 2254. *See* Habeas Corpus R. 1(a). Mr. Major cites to Rule 7(a) of these rules as grounds for such relief. Rule 7(a) provides that a judge may instruct the parties to submit additional relevant materials. But Rule 7(a) is inapplicable where a habeas petition has already been dismissed. *Id.* ("*If the petition is not dismissed*, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.") (emphasis added). Here, Mr. Major's petition has been dismissed, and Rule 7(a) does not apply. Mr. Major's motion is thus DENIED.

If Mr. Major does surrender and files a new motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the Court will ask the state to confirm his surrender and his location.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of December, 2024.

                                                 Tiffany M. Cartwright
                                                 United States District Judge

ORDER DENYING SECOND EMERGENCY MOTION - 3