UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON MAJOR, | Case No. 3:23-cv-05307-TMC-MLP |
| Petitioner, | ORDER ON PENDING MOTIONS |
| v. | |
| CHERYL STRANGE, | |
| Respondent. | |

In December 2023, this Court adopted the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson and dismissed Petitioner Jon Major's habeas petition without prejudice under the fugitive disentitlement doctrine. Dkt. 54. Mr. Major's appeal from that order was unsuccessful. Dkt. 70. Mr. Major then asked the Court to grant relief under Federal Rule of Civil Procedure 60(b)(6) to "set aside its December 21, 2023 Order and reopen this case based upon resolution of his fugitive status." Dkt. 72 at 2. Mr. Major represented that he intended to surrender to the Department of Corrections at some point before February 14, 2025. *Id.* at 3. The Court denied this motion and a related motion for reconsideration. Dkt. 73; Dkt. 76. In December 2024, Major asked for emergency relief, asking the Court to direct Respondent to

inform the Court of his arrest or surrender and the place of his confinement within 48 hours of either having occurred. Dkt. 79. The Court denied this motion. Dkt. 80.

Mr. Major has now submitted several additional motions, requesting various forms of relief in anticipation of his surrender. Dkt. 81, Dkt. 82, Dkt. 83. Mr. Major explains that, though he intended to surrender prior to February 14, 2025, he was prevented from doing so because of mental health concerns. Dkt. 81 at 3–4. He now plans to surrender in April 2025. *Id.* at 4.

First, Mr. Major asks the Court to substitute Timothy Norman Lang, Secretary of the Department of Corrections for Washington State in the place of former-Secretary Cheryl Strange. *Id.* Lang replaced Strange as the Secretary of Washington's Department of Corrections on December 3, 2024. *Id.* Mr. Major relies on Federal Rule of Civil Procedure 25(d), which explains that for public officers who are separated from office, "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." The Court agrees with Mr. Major's analysis under Rule 25(d). Thus, the Court GRANTS Mr. Major's motion for substitution, and Secretary Lang will replace former Secretary Strange as the respondent.

Second, Mr. Major asks the Court to enter an order granting him relief from Local Civil Rule 7(d)(3), the 21-day deadline for noting his expected motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5). Dkt. 82 at 1, 4–5. He asks instead that the Court consider the motion as an emergency motion on the date it is filed. *Id.* at 1. Mr. Major explains that, in anticipation of his voluntary surrender, he is preparing a motion to reopen the case under Rule 60(b)(5). *Id.* at 4. Mr. Major argues that, if the Court does not note his motion as a same-

ORDER ON PENDING MOTIONS - 2

day motion, the Court would not be able to confirm with Secretary Lang that he has surrendered until 21-days after the fact. *Id.* at 5. And Mr. Major argues that a delay in notice to the Court about his surrender would be prejudicial in two ways. *Id.* First, while he is detained Major would be deprived of counsel in this case. *Id.* Second, he argues that the delay would deprive him of a quicker evidentiary hearing on the motion. *Id.*

But Mr. Major provides no legal authority to support this request. *See generally id.* Without a basis of authority to issue this directive to Respondent, the Court cannot act. *See, e.g.*, *USA v. Niculae*, No. 2:23-CR-00156-TL, 2024 WL 841577 (W.D. Wash. Feb. 28, 2024) (denying motion where petitioner provided no "legal authority for the specific relief requested"). For this reason, the Court DENIES the motion to change the noting date.

Finally, Mr. Major moves under Federal Rule of Civil Procedure 62.1(3) for the Court to enter an order explaining what action it would take while an appeal is pending. Dkt. 83. Rule 62.1(a)(3) explains that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Mr. Major asks the Court to review his proposed motion for relief from judgement under Rule 60(b)(5) and to inform him whether the Court would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Dkt. 83 at 5. But Mr. Major does not have a pending appeal. Mr. Major appealed the Court's order denying him relief on January 25, 2024. Dkt. 68. On March 25, 2024, the Ninth Circuit rejected the appeal when it denied Mr. Major a certificate of appealability. Dkt. 70. Thus, the Court cannot assess any actions it might take under Rule 62.1. The motion is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

ORDER ON PENDING MOTIONS - 3

Dated this 10th day of April, 2025.

Tiffany M. Cartwright
United States District Judge