UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON MAJOR, | Case No. 3:23-cv-05307-TMC-MLP |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| TIMOTHY N. LANG, | |
| Respondent. | |

In December 2023, this Court adopted the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson and dismissed Petitioner Jon Major's habeas petition without prejudice under the fugitive disentitlement doctrine. Dkt. 54. Mr. Major's appeal from that order did not succeed. Dkt. 70.

Mr. Major then asked the Court to grant relief under Federal Rule of Civil Procedure 60(b)(6) to "set aside its December 21, 2023 Order and reopen this case based upon resolution of his fugitive status." Dkt. 72 at 2. Mr. Major represented that he intended to surrender to the Department of Corrections at some point before February 14, 2025. *Id.* at 3. The Court denied this motion and a related motion for reconsideration. Dkt. 73; Dkt. 76. In December 2024, Major asked for emergency relief, asking the Court to direct Respondent to inform the Court of his

ORDER DENYING MOTION FOR RECONSIDERATION - 1

arrest or surrender and the place of his confinement within 48 hours of either having occurred. Dkt. 79. The Court denied this motion. Dkt. 80.

In March 2025, Mr. Major submitted several additional motions, requesting various forms of relief in anticipation of his surrender. Dkt. 81, Dkt. 82, Dkt. 83. Mr. Major explained that, though he intended to surrender before February 14, 2025, he was prevented from doing so because of mental health concerns. Dkt. 81 at 3–4. He now plans to surrender in April 2025. *Id.* at 4. The Court granted one motion, to substitute a party, Dkt. 84 at 2, and denied the other two motions, which asked the Court to 1) adjust the noting date for a future motion and 2) to provide a statement under Federal Rule of Civil Procedure 62.1(3). *Id.* at 2–3.

Mr. Major now moves for reconsideration of the Court's denial of his motion under Rule 62.1(3). Dkt. 85. Motions for reconsideration are "rarely granted." *Colchester v. Lazaro*, No. C20-1571 MJP, 2022 WL 1078573, at *2 (W.D. Wash. Apr. 11, 2022). They "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). "'Clear error' for purposes of a motion for reconsideration occurs when 'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" *Baptiste v. LIDS*, No. C 12-5209 PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Rule 62.1(a)(3) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Mr. Major asked the Court to review his proposed motion for relief from judgment under Rule 60(b)(5) and to inform him whether the Court would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Dkt. 83 at 5. The Court denied the motion because Mr. Major does not have a pending appeal. Dkt. 84 at 3.

But, in his motion for reconsideration, Mr. Major argues that he does have a current appeal with the Ninth Circuit. Dkt. 85 at 1–3. This simply is not true. On January 25, 2024, a notice of appeal was filed with the Court. Dkt. 69. The notice explains, "The Clerk's Office of the United States Court of Appeals for the Ninth Circuit has received a copy of your notice of appeal and/or request for a certificate of appealability. No briefing schedule will be set until this court and/or the district court determines whether a certificate of appealability (COA) should issue." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs appeals sought by a habeas corpus petitioner. *Slack v. McDaniel*, 529 U.S. 473, 478, 480–81 (2000) ("[T]he right to appeal is governed by the certificate of appealability (COA) requirements now found at 28 U.S.C. § 2253(c)[.]"). The statute explains,

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*Id.* at 481 (quoting 28 U.S.C. § 2253(c)). Thus, the appellate court must review the case, assess whether it may take the appeal, and issue a certificate of appealability. *Id.* at 842 ("The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal."). If the appellate court finds there is no cause to issue a certificate of appealability, the case is closed. *See* 28 U.S.C. § 2253(c)(2).

On March 25, 2024, the Ninth Circuit filed its order with this Court. Dkt. 70. The order explains, "The request for a certificate of appealability is denied because appellant has not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (citing cases). The Ninth Circuit denied all pending motions as moot. *Id.* The Ninth Circuit closed the case and barred Mr. Major from filing any further motions because the case had been closed.[1] No other appeals have been taken. Thus, Mr. Major's assertion that an appeal is pending is incorrect. Accordingly, the Court DENIES Mr. Major's motion for reconsideration. Dkt. 85.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

---

[1] The Court takes judicial notice of the Ninth Circuit dockets, including the docket in Petitioner's appellate case, *Major v. Strange*, U.S. Court of Appeals for the Ninth Circuit case number 24-533. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records); *United States v. Howard*, 381 F.3d 873, 876, n.1 (9th Cir. 2004) (Courts may "take judicial notice of court records in another case").

ORDER DENYING MOTION FOR RECONSIDERATION - 4

Dated this 22nd day of April, 2025.

									_____
									Tiffany M. Cartwright
									United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 5